UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| DAJEON FRANKLIN, | : Case No. 1:22-cv-762 |
| Plaintiff, | : |
| vs. | : District Judge Michael R. Barrett |
| | : Magistrate Judge Stephanie K. Bowman |
| DEBORAH HUNT, *et al*., | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Macomb Correctional Facility, in New Haven, Michigan, brings this action against defendants Deborah S. Hunt, Clerk of the United States Court of Appeals for the Sixth Circuit; Ryan E. Orme, Case Manager for the Sixth Circuit, and Beverly L. Harris, *En Banc* Coordinator for the Sixth Circuit. (*See* Doc. 1, at PageID 2). Plaintiff alleges that defendants mishandled a motion for reconsideration that he filed in response to the dismissal of his habeas appeal. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v.*

*Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, alleges that defendants denied him his constitutional rights in connection with a motion for reconsideration that he filed in response to an Order of the Sixth Circuit dismissing his habeas corpus appeal for failure to file a timely notice of appeal. (Doc. 1).

According to plaintiff, the United States District Court for the Eastern District of Michigan denied his 28 U.S.C. § 2254 habeas corpus petition on November 29, 2021. Petitioner filed a notice of appeal, which was postmarked January 10, 2022.[1] On February 8, 2022, the Sixth Circuit dismissed the appeal for lack of jurisdiction. (Doc. 1, at PageID 3). The docket sheet for plaintiff's appeal indicates that, in an Order entered that day, the Court of Appeals explained that plaintiff's "failure to file a timely notice of appeal deprives this court of

---

[1] Plaintiff attributes a delay in filing his notice of appeal to changes in prison staffing during the winter holidays. (Doc. 1, at PageID 3).

jurisdiction." The Court further explained that "[c]ompliance with the statutory deadline in [28 U.S.C.] § 2107(a) is a jurisdictional prerequisite that this court may not waive." Additionally, the Court indicated that "[t]he statutory provisions [in 28 U.S.C. § 2107(c)] permitting the district court to extend or reopen the time to file a notice of appeal do not apply here."[2]

Plaintiff alleges that he sent a motion for reconsideration to defendant Hunt on March 9, 2022, and sent a copy of the motion to defendant Orme on March 30, 2022, along with a detailed "timeline of events." Plaintiff alleges that his mother also called Orme. (Doc. 1, at PageID 4). The docket sheet for plaintiff's appeal indicates that his motion for reconsideration was tendered for filing with the Court on March 14, 2022. Another docket entry indicates that a supplemental pleading in support of the motion for reconsideration was submitted on April 4, 2022. Because the motion for reconsideration constituted an untimely petition for panel rehearing, the Sixth Circuit ordered on May 20, 2022, that it not be accepted for filing.[3] Plaintiff alleges that on June 6, 2022, defendant Harris returned a petition for rehearing *en banc* to him. The Court's docket sheet indicates that a June 6, 2022 letter was sent to plaintiff explaining that his petition for rehearing *en banc* was being returned to him because his initial petition for panel rehearing was untimely and neither the Federal Rules of Appellate Procedure nor the Sixth Circuit's rules provided for successive petitions for rehearing.

Based on the above allegations, plaintiff seeks injunctive relief and monetary damages. (Doc. 1, at PageID 6).

For the following reasons, plaintiff's complaint should be dismissed for failure to state a

---

[2] *See Franklin v. Stephenson*, No. 22-1053 (6th Cir.), viewed at: https://ca6-ecf.sso.dcn/cmecf/jsp/CaseSummary.jsp?caseNum=22-1053&incOrigDkt=Y&incDktEntries=Y. "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 477 F.2d 75, 82-83 (6th Cir. 1969)).

[3] Generally, under Federal Rule of Appellate Procedure 40, a "petition for panel rehearing may be filed within 14 days after entry of judgment."

4

claim upon which relief can be granted.

As an initial matter, the facts do not suggest that defendants mishandled either his motion for reconsideration or his petition for rehearing *en banc*.

In any event, defendants are entitled to absolute quasi-judicial immunity from plaintiff's claims. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). As our sister court has explained:

> The processing of court papers is, in general, a quasi-judicial function. *See Wojnicz v. Davis,* 80 F. App'x 382, 383–84 (6th Cir.2003), *cert. denied,* 540 U.S. 1152, 124 S.Ct. 1151, 157 L.Ed.2d 1046 (2004) (ruling that the Clerk of the Michigan Supreme Court was entitled to quasi-judicial immunity for act of rejecting a habeas petition that did not meet certain court rules); *Lyle v. Jackson,* 49 F. App'x 492, 494 (6th Cir. 2002) (court clerks entitled to quasi-judicial immunity for alleged failure to provide plaintiff with copies of previous filings and transcripts); *Harris v. Suter,* 3 F. App'x 365, 366 (6th Cir. 2001) (Supreme Court Clerk who refused to file writ of certiorari that failed to comply with court rules entitled to quasi-judicial immunity).

*Anthony v. Sabaugh*, No. 13-CV-12264, 2013 WL 4747344, at *1 (E.D. Mich. Sept. 4, 2013) (extending absolute quasi-judicial immunity to court clerk). *See also Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (extending absolute quasi-judicial immunity to court clerk and explaining, "[w]hether an act is judicial in character does not depend on whether it is discretionary."); *Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012) (same). Because defendants' alleged actions in the handling of submissions by plaintiff to the Sixth Circuit were quasi-judicial in nature, defendants are entitled to absolute immunity from plaintiff's claims.

Accordingly, in sum, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED with prejudice**. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

June 5, 2023 <span style="float:right">*s/Stephanie K. Bowman*<br>STEPHANIE K. BOWMAN<br>United States Magistrate Judge</span>