# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DAJEON FRANKLIN, | Case No. 1:22-CV-762 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| DEBORAH S. HUNT, et al., | **OPINION & ORDER** |
| Defendants. | |

This matter is before the Court on the Magistrate Judge's Report & Recommendation ("R&R") of June 5, 2023. (Doc. 12). Proper notice was afforded to the parties, *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); Fed. R. Civ. P. 72(b), and Plaintiff Dajeon Franklin has timely objected, (Doc. 13).

Franklin, a Michigan state prisoner proceeding pro se, brought the underlying claims against Sixth Circuit Clerk Deborah S. Hunt, Sixth Circuit Case Manager Ryan E. Orme, and Sixth Circuit En Banc Coordinator Beverly L. Harris. Franklin seeks monetary and injunctive relief, alleging that Defendants violated his constitutional rights by mishandling court filings, leading to untimely filings and the eventual dismissal of his appeal from the denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.

Upon review pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Magistrate Judge concluded that (1) Defendants did not mishandle Franklin's court filings; and (2) Defendants are entitled to quasi-judicial immunity. (Doc. 12, PageID 31). Accordingly, the Magistrate Judge recommended that

1

the complaint be dismissed for failure to state a claim upon which relief can be granted. (*Id.*, PageID 32).

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b). However, the Court "need not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

In his objections, Franklin first argues that the dismissal of his appeal "was not an Order by any Judge or Magistrate." (Doc. 13, PageID 33). This is simply untrue, as the order was issued by Judges Cole, Gibbons, and Rogers on February 8, 2022. *Franklin v. Stephenson*, No. 22-1053, p. 1 (6th Cir. Feb. 8, 2022). The fact that the order was issued alongside a memo from the Clerk's Office is of no consequence here, and it is unclear why Franklin has advanced this argument.

Franklin asserts through conclusory statements that Defendants are not entitled to quasi-judicial immunity, but does not provide any legal authorities in support of his argument. He otherwise fails to address the Magistrate Judge's legal reasoning or put forth any meaningful, non-frivolous objections to the R&R. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those

issues that are dispositive and contentious."); *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (per curiam) ("Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient.").

Therefore, after careful review pursuant to Rule 72, the Court **OVERRULES** Franklin's objections, and **ACCEPTS** and **ADOPTS** the R&R, (Doc. 12), in full for the reasons stated therein. In accordance with the R&R, it is hereby **ORDERED** that this matter is **DISMISSED** with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The Court further **CERTIFIES** that an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.**

    /s/ Michael R. Barrett
Michael R. Barrett, Judge
United States District Court

3